**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **MIGUEL GARCIA BAEZA,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-2081-KC** |
| | § | |
| **MARY DE ANDA-YBARRA, et al.** | § | |
| | § | |
| **Respondents.** | § | |

**ORDER**

On this day, the Court considered the case. On August 7, 2026, Miguel Garcia Baeza filed a Petition for a Writ of Habeas Corpus, ECF No. 3, alleging that he is unlawfully held in immigration custody. The Court ordered Respondents to show cause why the application for a writ of habeas corpus should not be granted. Aug. 11, 2026, Order 4–5, ECF No. 2.

On August 18, Respondents filed a Response, ECF No. 5, in which they state that Garcia Baeza was given a bond hearing on February 24, 2026, and denied bond on the basis of flight risk. *Id.* at 8; *see id.* Ex. C ("IJ Order"), ECF No. 5-3. And that, in April and July, Garcia Baeza requested custody redeterminations, but these requests were both denied for "fail[ure] to show a change in circumstances warranting a new bond hearing." Resp. 8.

The Court thus ordered Garcia Baeza to file a reply stating whether he received a bond hearing, and if so, whether he disputes that the immigration judge made factual findings and an individualized determination in his case. Aug. 19, 2026, Order, ECF No. 7.

Garcia Baeza has now filed a Reply, ECF No. 9, in which he concedes that he received a bond hearing on February 24 and was denied bond due to flight risk. *Id.* at 1–2; *id.* at 4. But

contests that "he does not represent a [f]light [r]isk . . . an[d] has demonstrate[d] good behavior since entering the United States, complying with the laws." *Id.* at 2.

When a petitioner has already received an individualized custody determination, this Court lacks jurisdiction to sit in review of the IJ's discretionary finding that an alien is a flight risk or danger and therefore should be denied bond. *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 678–79 (W.D. Tex. 2025) (citation omitted). In other words, whether the Court agrees with the IJ's determination regarding Garcia Baeza's risk of flight is of no importance—it simply lacks the power to review that determination.

Garcia Baeza is also not subject to a final order of removal, which would trigger a new claim and different reasonableness standard for prolonged detention. *See generally* Pet.; Resp.; Reply; *Zadvydas v. Davis*, 533 U.S. 678, 689–90 (2001). Thus, his Petition does not raise any viable claims at this time.

Accordingly, the Court **ORDERS** that the Petition, ECF No. 3, is **DISMISSED** without prejudice to refiling if any new claims accrue.

The Clerk shall close the case.

**SO ORDERED**.

**SIGNED this 9th day of September, 2026.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE